IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS MICHAEL LOSS,

        U.S.D.C. CASE NO: 1:08-cv-874

    Plaintiff,

        HON. GORDON J. QUIST

vs.

JAMES R. DAVIS, MATTHEW
RHYNDRESS, and NORTON SHORES
POLICE DEPARTMENT,

    Defendants.
_____/

| R. Curtis Mabbitt (P24844) | Michael S. Bogren (P34835) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendants |
| Halbower & Mabbitt | Plunkett Cooney |
| 8 West Walton | 535 S. Burdick Street, Ste. 256 |
| Muskegon, MI  49440 | Kalamazoo, MI  49007 |
| Telephone:  231/726-3720 | Telephone:  269/226-8822 |

## JOINT STATUS REPORT

A Rule 16 Telephone Scheduling Conference is scheduled for **October 27, 2008** at **10:00 a.m.** before the Honorable Ellen S. Carmody.  Appearing for the parties will be Curtis Mabbitt as counsel for Plaintiff and Michael S. Bogren as counsel for Defendants.

    1)    **Jurisdiction**

The basis for the Court's jurisdiction is 28 U.S.C. §1331, federal question, as the Plaintiff alleges a violation of his Federal constitutional rights under 42 U.S.C. §1983. There are no objections to jurisdiction.

    2)    **Jury or Non-Jury**

This case is to be tried before a jury.

3) **Judicial Availability**

The parties do not agree to have a United States Magistrate Judge conduct all further proceedings in this case, including trial, and to order the entry of final judgment.

4) **Geographic Transfer**

The parties do not believe that geographic transfer is warranted in this case.

5) **Statement of the Case**

**Plaintiff**:

The Plaintiff claims he was arrested in the front yard of his home for a seat-belt violation. He was placed in the back seat of the arresting officer's patrol car. The arresting officer was joined by a second officer after the Plaintiff had been placed in the patrol car. Thereafter, both officers decided to enter the home and conduct a search, which they did. The Plaintiff contends there was no legal justification for the search of the home. The Plaintiff contends he was damaged and harmed by this illegal search.

**Defendants**:

Defendants' position is that Officers Davis and Rhyndress constitutionally entered the house on the basis of exigent circumstances. Plaintiff did not produce any documentation showing he lived at the house. He had fled from the police and continued to act in an evasive and suspicious manner after he exited his vehicle. The police

properly entered the house without a warrant to determine if there was anyone inside the house in need of assistance. The individual officers are also entitled to qualified immunity. There is no evidence that can establish liability against the City of Norton Shores.

6) **Pendent State Claims**

This case does not include pendent state claims.

7) **Joinder of Parties and Amendment of Pleadings**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **December 3, 2008**.

8) **Disclosures and Exchanges**

(i) Fed.R.Civ.P. 26(a)(1) disclosures, including the identity of known lay witnesses, shall be made by Plaintiff by **November 15, 2008** and by Defendants by **November 15, 2008**.

(ii) Not applicable

(iii) The Plaintiff expects to be able to furnish the names of the Plaintiff's expert witnesses to the Defendants by **December 15, 2008**. The Defendants expect to be able to furnish the names of the Defendants' expert witnesses to the Plaintiff by **January 15, 2009**. In this case it would not be advisable to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2).

      (iv)    The parties are unable to agree on voluntary production at this time.

9) **Discovery**

The parties believe that all discovery proceedings can be completed by **March 15, 2009**. The parties recommend the following discovery plan:

The parties agree that the limitations on the number of interrogatories and depositions set forth in Fed.R.Civ.P. 33(a) (25, including subparts, for Plaintiff and Defendants) are appropriate. The parties do not believe that the presumptive time limits for depositions should be modified.

Expert depositions are allowed.

10) **Motions**

The parties agree that all dispositive motions will be filed by **April 15, 2009**.

11) **Alternative Dispute Resolution**

The parties propose that this matter be submitted to Case Evaluation pursuant to Local Rule 16.5.

12) **Length of Trial**

The parties estimate that if this case proceeds to trial, the trial will last 2 days total, allocated as follows: 1 days for Plaintiff's case; 1 days for Defendants' case.

13) **Prospects of Settlement**

No meaningful settlement discussions have taken place.

14) **Electronic Document Filing System**

Counsel for both parties participate in the Court's electronic filing system and agree to participate in this case.

                                               HALBOWER & MABBITT

DATED: October 10, 2008         BY: \_//s// R. Curtis Mabbitt_____
                                                 R. Curtis Mabbitt (P24844)
                                                 Attorney for Plaintiff


                                               PLUNKETT COONEY

DATED: October 10, 2008         BY: \_//s// Michael S. Bogren_____
                                               Michael S. Bogren (P34835)
                                             Attorney for Defendants

                                             BUSINESS ADDRESS:
                                             Plunkett Cooney
                                             535 S. Burdick Street, Suite 256
                                             Kalamazoo, MI  49007
                                             Direct Dial:  269/226-8822

Branches.00560.83348.1723308-1